**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BRYAN MUÑIZ BETANCOURT<br><br>   Plaintiffs,<br><br>   v.<br><br>ECONO RIAL LLC, PALMEIRA, INC., JOSE RIAL GARCIA, Does 1-100<br><br>   Defendants. | **CIVIL ACTION** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Bryan Muñiz Betancourt, represented by counsel, hereby complains and alleges as follows:

**INTRODUCTION**

1. An employer's obligation to pay its employees *minimum* wages is more than a matter of private concern between the parties. That obligation is founded on a compelling public policy judgment that members of a modern, humane society are not simply indentured servants but are entitled to work a livable number of hours at a livable wage. Minimum wage laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip, and eighteen-hour work days. In addition, the statutes and regulations compelling employers to pay minimum wages and overtime were designed not only to benefit individual workers but also to serve a fundamental societal goal: reducing unemployment by giving the employer a disincentive to concentrate work in a few overburdened hands and an incentive to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

2. This case arises out of Defendants systemic, company-wide unlawful treatment of the Plaintiff (and others similarly situated low-level employees) who pays the plaintiff an average of five dollars per hour, less than the minimum compensation under the federal Fair Labor Standards Act ("FLSA").

## JURISDICTION

3. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, because the action arises under a federal statute, 29 U.S.C. §§ 216, 217 and supplemental jurisdiction for the state-law claim under the laws of Puerto Rico.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events and the omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5. Defendants, Econo Rial LLC, Palmeira, Inc., and Jose Rial García are owners and operators of a supermarket and grocery store doing business as "Supermercado Econo Rial" and "Econo Rial de Canovanas", which is located at: CARR. NUM 185 KM 9 CENTRO COMERCIAL PLAZA RIAL CANOVANAS, PR 00729 (GPS Coordinates: 18.374180,-65.901376), https://goo.gl/maps/3eRVpPe1hUgPDcAk7 (hereinafter collectively referred to as "Econo Rial" "Econo Rial LLC" "Defendant" or "Defendants"). There are no corporate formalities between Defendants. They are mere alter egos of Co-Defendant Jose Rial García. Defendants have been and continue to be "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ baggers as "employee[s]" within the meaning of the FLSA. At all relevant times, Defendants have had gross operating revenues far in excess of $500,000.

6. Plaintiff Bryan Muñiz Betancourt was, from March 1, 2010 to Saturday, June 22, 2019, Plaintiff worked as a **bagger** for Defendants.

7. As a bagger, Plaintiff worked at grocery store or supermarket, helping put purchased groceries into bags for customers and frequently carrying those bags out to customers' cars.

8. Defendants did not pay Plaintiff directly. Rather, Econo Rial represented it granted plaintiff the "privilege" of working for Econo Rial and earning "tips" from customers that were helped by Plaintiff. As a condition to maintain this "privilege," Econo Rial requested from Plaintiff (and others similarly situated) to do work at the supermarket, such

as: organize products, shopping carts, follow any instruction given by a supervisor, sweep the floor, staying additional time given the needs of the store, completing a timesheet during high seasons, stay additional during the Christmas holidays, New Years, and Three King Day.

9. Plaintiff's was an employee of the Defendant.

10. The general manager of the supermarket operated by Econo Rial, Julio Bonilla, testified under oath on November 15, 2019 that baggers at Econo Rial supermarket are employees of the Defendant.

11. Plaintiff work schedule was Monday - Saturday from 2:00 p.m. to 9:00 p.m.

12. Plaintiff earned anywhere from $30.00 - $40.00 per day in tips directly from clients. The highest that he earned on one occasion was $40.00. That said, there were times were his daily income was much lower than $30.00, as the supermarket serves an area were many low-income families are located.

13. While Plaintiff was an employee of the supermarket, Defendant did not provide Plaintiff any marginal benefit, such as special payments to match the minimum wage, performance bonuses, health insurance, worker's compensation ("Fondo del Seguro del Estado"), Christmas bonuses or any other benefit, directly or indirectly. Moreover, Defendant did not make any mandatory withholding or contributions to any state, municipal or federal agency, such as the social security administration, taxes, and other mandatory contributions under state and federal law. Simply put, Plaintiff was not "on the payroll."

14. Defendant knew that it was required to withhold payroll taxes (federal and state income tax and FICA (Social Security/Medicare) tax) from employee pay; it knew that it was required to report the amount of withholding for Plaintiff to the proper tax collection agencies; it knew that it was required to submit FICA tax and the employer portion of the taxes to the IRS on a scheduled basis; it knew it was required to report employee income on Form W-2 each year, including cash income. The following persons have direct knowledge of these unlawful practices:

    a. Mr. José Rial, defendant's president

    b.  Ms. Jossie Rial, daughter of José Rial

    c.  Does 1-100, employees of the defendants directly associated with the payroll, including all attorneys and accountants of the defendant from March 1, 2010 to June 22, 2019 who counseled and assisted the defendants with its payroll practices.

15.    The following persons have direct substantive knowledge of the nature and extend of Plaintiff's work at Econo Rial LLC or may provide testimony to impeach the credibility of defendant's employees:

    a.  Mr. José Rial, defendant's president (direct knowledge of illegal business practices)

    b.  Ms. Jossie Rial (direct knowledge of illegal business practices)

    c.  Ricardo Pizarro García (direct knowledge of illegal business practices)

    d.  Saul Berrios(direct knowledge of illegal business practices)

    e.  Orlando Salgado (direct knowledge of illegal business practices)

    f.  Bertha Bou (direct knowledge of illegal business practices)

    g.  Edwin Diaz (direct knowledge of illegal business practices)

    h.  Yazmin Sanchez (direct knowledge of illegal business practices)

    i.  Carlos Villegas

    j.  Ruben Doe

    k.  David Garcia

    l.  Carlos Villegas

    m.  Ana Rodriguez

    n.  Yarett Doe

    o.  Jose Doe (Bagger)

    p.  Josué Doe (Bagger)

    q.  Alberto Doe (bagger)

    r.  Joshua A Doe (bagger)

    s.  Joshue T Doe (bagger)

    t. Luis Doe (bagger)

    u. Calimba Doe (bagger)

    v. Josue Doe (bagger)

    w. Jan Aviles (bagger)

    x. Jesriel Doe (bagger)

    y. Sammy Doe (bagger)

    z. Rosandra Doe (cashier)

    aa. Joselin Doe (cashier)

    bb. Witto Maldonado

    cc. Francisco Doe

    dd. Lilibeth Doe

    ee. Mirta Doe

    ff. Adrián Velázquez

    gg. Héctor Pérez

    hh. Felix Navarro

    ii. Juan Medina

    jj. Ashley Machuca

    kk. Jesús Flores

    ll. Julio Bonilla (father)

    mm. José Morales

    nn. Alma Lopez

    oo. José Lanzó

    pp. Luis Ramírez

    qq. Manuel doe

    rr. Andi doe

    ss. Does X (an employee or former employee who will testify as to the nature and extent of Plaintiff's work).

16. Defendant has been subject to private lawsuits or administrative proceedings

by employees in the past related to compensation to workers, including baggers.

17.     Defendant has been subject to lawsuits or administrative proceedings by the federal or state government in the past related to compensation to workers, including baggers.

18.     Defendant has been forced to pay compensation to workers in the past because of its payroll practices.

19.     The overtime wage provisions set forth in § 206 and § 207 of the FLSA, apply to Defendants.  Plaintiff was not in a position involving work that falls within any exception or exemption set forth in 29 U.S.C. § 213(a)(1).

20.     In his role as bagger, Plaintiff did not exercise discretion or independent judgment.

21.     Much of Plaintiff's time at work was spent on basic tasks.

22.     During the relevant period, Plaintiff did not determine what work was to be done or in what time frame.  Work assignments were generated by Econo Rial.  Plaintiff had only a occasional minor role in readjusting his time schedule assignments, if he requested it and it was approved. Such rare variations did not involve the exercise of significant or any discretion.

23.     Plaintiff did not have the authority to hire, fire, or promote employees, determine their pay rates or benefits, or give raises.  Plaintiff was unable to make other personnel decisions.

24.     Plaintiff did not have the authority to decide whether or not a an employee should be disciplined for an infraction or what the discipline would be.  Disciplinary decisions were made by Plaintiff's superiors and/or dictated by Mr. Jose Rial.  Plaintiff's opinions were given little, if any, weight.

25.     Plaintiff did not have a role in training technicians or determining what training other employees were to receive. He did not receive any training either.

26.     Plaintiff did not determine the tools and equipment to be used on the job. Materials, if any, were either provided directly by the Defendant.

27.     Defendants treated Plaintiff and all other similarly situated baggers as exempt

from the minimum wage and overtime requirements of the FLSA.

28. Plaintiff routinely worked more than 7 hours a day and 40 hours per week for Defendants. Plaintiff regularly worked 7 hour days at the supermarket from Monday to Saturday, as well as occasional Sundays.

29. On average, Plaintiff worked at least 42 to 45 hours per week.

30. During the long hours he put in at Econo Rial, Defendants did not provide for Plaintiff to take uninterrupted meal breaks or other rest breaks.

31. Plaintiff had non-exempt duties.

32. Defendant did not compensate Plaintiff in accordance with minimum wage laws and for hours over 40 that he worked in a given week, and did not pay a rate of one-and-one-half times his regular pay for these hours.

33. Plaintiff was fired from the Econo Rial supermarket in June 22, 2019. Class-Wide Factual Allegations

34. Defendants have intentionally and repeatedly engaged in a practice of improperly paying baggers less than the minimum wage and overtime requires of the FLSA. Defendants are liable under the FLSA for failing to properly compensate Plaintiff.

**FIRST CLAIM FOR RELIEF (FLSA)**
**FAILURE TO PAY REQUIRED MINIMUM WAGE, OVERTIME, AND KEEP ACCURATE RECORDS**
**(FLSA, 29 U.S.C. §§ 207 and 211(c))**

35. Plaintiff allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

36. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ baggers as "employee[s]" within the meaning of the FLSA. At all relevant times, Defendants have had gross operating revenues far in excess of $500,000.

37. Because Defendant willfully violated the FLSA by paying less than the minimum wage and failing to pay overtime, a three-year statute of limitations applies to such

violations, pursuant to 29 U.S.C. § 255.

38. Econo Rial has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by paying less than the minimum wage, failing to pay overtime, and thereby failing and refusing to pay the them proper hourly wage compensation in accordance with § 206 and § 207 of the FLSA.

39. Plaintiffs was not employed in a "bona fide executive, administrative, or professional capacity" pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations. Plaintiff is not subject to any other exemptions set forth in the FLSA or administrative regulations.

40. As a result of Defendants' violations of the FLSA, Plaintiff, as others, have suffered damages by being denied minimum and overtime wages in accordance with § 206 and § 207 of the FLSA.

41. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

42. At all relevant times, Defendants willfully, regularly, and repeatedly failed and continue to fail to make, keep, and preserve accurate time records required by the FLSA, 29 U.S.C. § 211(c), with respect to its baggers, including Plaintiff. Through this course of conduct, Defendants have deprived Plaintiff of the records necessary to calculate with precision the overtime compensation due to them.

43. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum and overtime compensation in amounts to be determined at trial, and is accordingly entitled to recovery of such amounts, liquidated (double) damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b) as well as any other legal and equitable relief the Court deems just and proper.

**SECOND CLAIM FOR RELIEF (PUERTO RICO LAW 80)**
**UNLAWFUL TERMINATION**
**(FLSA, 29 U.S.C. §§ 207 and 211(c))**

44. Plaintiff allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

45. Plaintiff is entitled to additional compensation in accordance with Act 80. Act 80 provides a remedy in the event of employee termination without just cause. See Hoyos v. Telecorp Communications, Inc., 488 F.3d 1, 6 (1st Cir. 2007); Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling, Co., 152 F.3d 17, 28 (1st Cir. 1998). Under Act 80, once an employee proves that he or she was discharged and alleges that his dismissal was unjustified, his or her employer must establish by a preponderance of the evidence that the discharge was for good cause.

46. Econo Rial wrongfully terminated (without just cause) the Plaintiff on June 22, 2019. Defendant, as an employer, is unable to meet the burden of proving that Plaintiff's dismissal was justified. According to Law 80, "in every action instituted by an employee claiming the benefits [of Law 80] the employer is bound to plead in his answer to the complaint, the facts that led to the dismissal, and prove that it was justified ..." P.R. Laws Ann. tit. 29 § 185k. Varela Teron v. Banco Santander de Puerto Rico, 257 F. Supp. 2d 454 (D.P.R. 2003).

47. Defendant's intentional conduct described herein violated Plaintiff's integrity, which caused damages to the plaintiff. See also Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178 (1998).

48. Plaintiff hereby request jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pray for the following relief:

1. That the Court find that Econo Rial has violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 207 as to Plaintiff.

2. That the Court find that Econo Rial has violated the record-keeping provisions of the FLSA, 29 U.S.C. § 211(c) as to Plaintiff.

3. That the Court find that Econo Rial's wage and hour violations as described have been willful;

4. That the Court award to Plaintiff compensatory and liquidated damages for unpaid minimum wage and overtime compensation, including interest, and statutory penalties according to proof at trial pursuant to 29 U.S.C. § 201 *et seq*. and the supporting United States Department of Labor regulations.

5. That the Court enjoin Econo Rial to cease and desist from their violations of the FLSA described herein and to comply with the FLSA.

6. That Plaintiff be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b).

7. That the Court award Plaintiff all remedies under Act 80 of the Commonwealth of Puerto Rico, including the statutory severance provided by Act 80-1976 *and* compensatory damages because Plaintiff was terminated without just cause and has been subjected to acts that violate his or her integrity.

8. That the Court award such other and further relief as this Court may deem appropriate.

DATED:  NOVEMBER 21, 2019

**LAW OFFICES OF VELEZ COLON**
421 AVE MUÑOZ RIVERA
TENTH FLOOR
SAN JUAN PR 00918
TEL: (787) 599-9003
*Attorney for Plaintiff*


S/JOSE CARLOS VELEZ-COLÓN, ESQ.
USDC-PR NO.: 231014
jcvelezcolon@gmail.com